# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2013

No. 12-51208
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEVER SANDER QUINTANILLA-SALGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-466-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lever Sander Quintanilla-Salgado appeals from his within-guidelines sentence of 46 months of imprisonment and three years of supervised release following his guilty plea conviction for illegal reentry into the United States after deportation. He challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and because it does not reflect his personal history and circumstances. He also argues that his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is unreasonable because the illegal reentry Guideline lacks an empirical basis and double counts criminal history, and illegal reentry essentially is a mere trespass offense.  He concedes that his challenge to the lack of an empirical basis for the illegal reentry Guideline is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  A within-guidelines sentence is entitled to a presumption of reasonableness.  *See Rita v. United States*, 551 U.S. 338, 347 (2007).  We have rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under U.S.S.G. § 2L1.2.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Quintanilla-Salgado's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Quintanilla-Salgado has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentences of 46 months. *See id.* at 51.  The judgment of the district court is AFFIRMED.